# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| ROBERT SCHAFER and ANGELA SCHAFER, | ) ) ) |
| Plaintiffs, | ) ) No. 2:10-cv-2891-RMG |
| vs. | ) ) |
| STERLING AND KING, INC., | ) **JURY DEMAND ENDORSED HEREON** ) |
| Defendant. | ) |

## COMPLAINT

NOW COME the Plaintiffs, ROBERT SCHAFER and ANGELA SCHAFER, by and through their attorney, JAMES M. ERVIN, and for their Complaint against the Defendant, STERLING AND KING, INC., Plaintiffs allege and state as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiffs are individuals who were at all relevant times residing in Ladson, South Carolina.

4. Plaintiffs are "consumers" as defined in 15 U.S.C. § 1692a(3), as they are natural persons allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiffs.

6. On information and belief, Defendant is a corporation of the State of Florida, which is not licensed to do business in South Carolina and which has its principal place of business in Casselberry, Florida.

## ALLEGATIONS

7. On or about May 14, 2010, Defendant's representatives and/or employees, including but not limited to an individual representing himself as Taylor Jones, began contacting Plaintiff by telephone in attempts to collect the aforementioned alleged debt.

8. During these telephone calls, Defendant's representatives and/or employees threatened to garnish Plaintiff's wages, despite the fact that no judgment has ever been initiated against Plaintiff with regard to the alleged debt.

9. Further, during the course of these telephone calls, Defendant's representatives and/or employees:

    a. Threatened to sue Plaintiff, despite the fact that they are not attorneys and they have no legal standing to pursue such a lawsuit;

    b. Threatened to contact Plaintiff's commanding officer if he did not make payment of the alleged debt; and

    c. Falsely implied that they were attorneys who represented the original creditor relating to the alleged debt.

10. Defendant's representatives and/or employees also contacted Plaintiff's uncle by telephone in attempts to collect the alleged debt, despite having already successfully made contact with Plaintiff.

11. Additionally, on or about July 21, 2010, Defendant mailed a letter to Plaintiff's wife threatening to report Plaintiff's alleged debt on her credit report.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Communicating with someone other than Plaintiffs in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692c(b);

    b. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

    c. Representing or implying that nonpayment of the alleged debt would result in the garnishment of either or both Plaintiffs' wages where such action was unlawful and Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

    d. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5); and

    e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13. As a result of Defendant's violations as aforesaid, Plaintiffs have suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, ROBERT SCHAFER and ANGELA SCHAFER, respectfully pray for a judgment against Defendant as follows:

    a.    Statutory damages of $1,000.00 for each Plaintiff for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiffs hereby demand a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

Respectfully Submitted,

/s/ James M. Ervin
James M. Ervin
Attorney for Plaintiffs
P.O. Box 6276
Columbia, SC 29260-6276
(888) 493-0770, ext. 308 (phone)
(866) 551-7791 (facsimile)
James@LuxenburgLevin.com